**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM F. SEVERINO, III,

    Plaintiff,

v.

BOROUGH OF SAYREVILLE, et al.,

    Defendants.

Civil Action No. 14-2454 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant Borough of Sayreville's ("Sayreville") motion to dismiss Plaintiff William F. Severino, III's ("Severino") Complaint pursuant to New Jersey's Entire Controversy Doctrine. (ECF No. 8.) Severino filed opposition (ECF No. 12), and Sayreville replied (ECF No. 10). Defendants Ptl. Mader, Ptl. Popowski, Sgt. Connors, and Ptl. Teator (collectively, "Officers," and with Sayreville, "Moving Defendants") also move to dismiss Severino's Complaint joining in Sayreville's arguments. (ECF Nos. 9, 11.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

    Moving Defendants assert that all of Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine. "A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey . . ." *Rycoline Prods. Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997). The New Jersey Supreme Court has described the doctrine's purpose as threefold: (1) the need for "complete and final disposition of cases through avoidance of piecemeal decisions; (2) fairness to parties to an action and to others

with a material interest in it; and (3) efficiency and avoidance of waste and delay." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999) (citing *DiTrolio v. Antiles*, 142 N.J. 253, 267 (1995)). The doctrine "compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred." *Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A). "New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims 'arise from related facts or from the same transaction or series of transactions.'" *Id.* at 471-72 (quoting *DiTrolio*, 142 N.J. at 267).

On April 2, 2014, Severino filed a complaint in the Superior Court of New Jersey, Middlesex County, against Sayreville, certain police officers, and others seeking relief for violations of his property rights stemming from the destruction of his property following an allegedly unlawful arrest.[1] (Certification of John R. Parker ("Parker Cert.") 3-6, ECF No. 8-2.) Specifically, Severino alleges that on June 23, 2012, he was falsely arrested and incarcerated for forty-three days. (*Id.* at 4.) On April 16, 2014, Severino filed the Complaint *sub judice* against Sayreville and certain police officers for an alleged assault that occurred following an unlawful traffic stop and arrest. (*See generally* Compl., ECF No. 1.) Specifically, Severino alleges that on June 23, 2012, his vehicle was unlawfully stopped, he was put under arrest, he was assaulted by the police officers, and then he remained incarcerated for forty-two days. (*Id.* ¶¶ 12-18.) On June 13, 2014, Severino filed a second complaint in the Superior Court of New Jersey, Middlesex

---

[1] Moving Defendants request that this Court take judicial notice of the state-court complaints and orders. Severino does not object. Therefore, this Court will take judicial notice of the state-court documents that Sayreville attached to its motion. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

2

County, against Sayreville and certain police officers seeking relief for constitutional violations following a June 17, 2012 traffic stop and June 23, 2012 arrest. (Parker Cert. 7-14.) On October 10, 2014, the Honorable Douglas K. Wolfson, J.S.C., sua sponte consolidated the two state court actions finding "that the two causes of action involve common questions of law and fact."[2] (*Id.* at 15-16.)

Severino argues that the Entire Controversy Doctrine does not apply because the "[t]hree lawsuits deal with different events that don't inter-relate with one another."[3] (Pl.'s Opp'n Br. 4, ECF No. 12.) The Court disagrees with Severino. The current action stems from the June 23, 2012 traffic stop of Severino by police officers from the Sayreville Police Department. Just because Severino brings different claims against essentially the same defendants, it does not mean the Entire Controversy Doctrine does not apply. Instead, New Jersey's Entire Controversy Doctrine clearly applies to this matter because all three actions arise from the same event: the June 23, 2012 traffic stop and arrest.

---

[2] On June 23, 2015, the consolidated action was dismissed with prejudice by the state court. (Parker Cert. 17-19.)

[3] In addition, Severino's arguments applying New Jersey's *res judicata* standard are misplaced, because *res judicata* is a different preclusion doctrine than that which Moving Defendants ask this Court to apply.

3

Accordingly, Moving Defendants' motions to dismiss are granted.[4] An order consistent with this Memorandum Opinion will be entered.

/s/ *Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2015

---

[4] Defendants Chief Zebrowski and RICCI Melendez (collectively, with Moving Defendants, "Defendants") have not moved to dismiss this action. The claims asserted against Chief Zebrowski and RICCI Melendez are identical to those claims before the Court by way of Moving Defendants' motions to dismiss. A court dismissing claims against moving defendants may sua sponte dismiss identical claims against non-moving defendants. *See Michaels v. State of N.J.*, 955 F. Supp. 315, 331 (D.N.J. 1996). Therefore, the Court dismisses the claims against Chief Zebrowski and RICCI Melendez for the same reasons the claims against Moving Defendants are dismissed.

4